UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>YUAN WANG, INDIVIDUALLY AND AS NEXT FRIEND OF Z.W., A MINOR, MILDRED HACK, ERNELYN HACK, TIM HACK, JENNIFER COLBERT, AND JOY DIMARUCUT, INDIVIDUALLY AND AS NEXT FRIEND OF T.J.H., A MINOR<br><br>*Defendants*, | § § § § § § § § § § § § § § § § § § | Civil Action No. 7:23-cv-340 |

**ORIGINAL COMPLAINT IN INTERPLEADER BY
PLAINTIFF UNITED WISCONSIN INSURANCE COMPANY**

TO THE HONORABLE COURT:

Plaintiff United Wisconsin Insurance Company ("United Wisconsin") files its original complaint in interpleader against Defendants Yuan Wang, individually and as next friend of Z.W., a minor ("Wang"), Mildred Hack ("M. Hack"), Ernelyn Hack ("E. Hack"), Tim Hack ("T. Hack"), Jennifer Colbert ("Colbert"), Joy Dimarucut, individually and as next friend of T.J.H, a minor ("Dimarcuit"), according to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, concerning rival claims to the proceeds under commercial auto policy No. UWPGA1957-05 issued by United Wisconsin to Rio Valley Trucking, LLC ("Policy").

**I.
PARTIES**

1. Plaintiff United Wisconsin is a citizen of Wisconsin, being a corporation organized and existing under the laws of the State of Wisconsin and having its principal place of business in New Berlin, Wisconsin.

2. Defendant Yuan Wang is an individual who, upon information and belief, is residing in China. United Wisconsin has requested that her respective counsel, Daniel M.L. Hernandez at Hernandez Law Firm PC, 4841 S. Jackson Road, Edinburg, Texas 78539 and/or Ricardo P. Rodriguez, Jr. at The Ricky Rod Law Group PLLC, 505 W. Cano Street, Edinburg, Texas 78539, accept service of this original complaint in interpleader.

3. Defendant Mildred Hack is an individual who, upon information and belief, is residing in Douglas County, Nebraska, and may be served with process at 6008 N. 92nd Avenue, Omaha, Nebraska 68134, or wherever she may be found. United Wisconsin has requested that her respective counsel, Wade Barrow at Barrow Law PLLC, 1214 Fairmount Avenue, Fort Worth, Texas 76104 and/or Julian C. Gomez at The Julian C. Gomez Law Firm PLLC, 1300 N. 10th Street, Suite 480C, McAllen, Texas 78501, accept service of this original complaint in interpleader.

4. Defendant Ernelyn Hack is an individual who, upon information and belief, is residing at Margarita Extension Barangay 2, San Carlos City, Negros Occidental 6127 Philippines. United Wisconsin has requested that her respective counsel, Wade Barrow at Barrow Law PLLC, 1214 Fairmount Avenue, Fort Worth, Texas 76104 and/or Julian C. Gomez at The Julian C. Gomez Law Firm PLLC, 1300 N. 10th Street, Suite 480C, McAllen, Texas 78501, accept service of this original complaint in interpleader.

5. Defendant Tim Hack is an individual who, upon information and belief, is residing in

Pottawattamie County, Iowa, and may be served with process at 24096 Road L34, Underwood, Iowa 51576, or wherever he may be found. United Wisconsin has requested that his respective counsel, Wade Barrow at Barrow Law PLLC, 1214 Fairmount Avenue, Fort Worth, Texas 76104 and/or Julian C. Gomez at The Julian C. Gomez Law Firm PLLC, 1300 N. 10th Street, Suite 480C, McAllen, Texas 78501, accept service of this original complaint in interpleader.

6.  Defendant Jennifer Colbert is an individual who, upon information and belief, is residing in McDonough, Georgia. United Wisconsin has requested that her respective counsel, Rolando Garza, 310 West University, Edinburg, Texas 78539, accept service of this original complaint in interpleader.

7.  Defendant Joy Dimarucut is an individual who, upon information and belief, is residing in the Philippines. United Wisconsin has requested that her respective counsel, Rolando Garza, 310 West University, Edinburg, Texas 78539, accept service of this original complaint in interpleader.

## II.
## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because there is a diversity of citizenship among the parties, and the matter in controversy exceeds $75,000.00 exclusive of interest, attorneys' fees, and costs. Specifically, the subject Policy provides $1,000,000.00 in total liability coverage, and defendants made rival claims for such proceeds.

9.  Under 28 U.S.C. §1391(b)(2), the venue is proper in the United States District Court for the Southern District of Texas, McAllen Division, because a substantial part of the events or omissions giving rise to this claim, including the subject accident, occurred in Hidalgo County,

Texas, which is within this judicial district.

## III.
## FACTUAL BACKGROUND

10. On July 10, 2023, Francisco Javier Barajas ("Barajas") was driving the 2005 Kenworth truck (VIN 1XKWDB9X45J102000) ("Truck") eastbound on the outside lane and approaching the intersection of W. University and 10th Avenue, in Edinburg, Hidalgo County, Texas. He had a green light at the intersection and continued south onto 10th Avenue. The Truck driven by Barajas turned wide onto the inside lane of 10th Avenue and continued south on 10th Ave. At this time, a pedestrian, Troy Hack, was crossing the intersection of W. University and 10th Avenue, traveling east, and was struck by the Truck. Troy Hack died as a result of this accident.

11. At the time of the accident, the Truck was listed on the Policy issued by United Wisconsin to Rio Valley Trucking, LLC ("Rio Valley"). Please see p. 25 of the certified copy of the Policy attached to this complaint as **Exhibit 1**.

12. As a result of the accident, Yuan Wang, individually, as next friend of Z.W., a minor, and as an alleged personal representative of the estate of Troy Hack, filed a lawsuit in the 275th Judicial District Court of Hidalgo County, Texas ("Hidalgo County Case") against United Wisconsin's insured Rio Valley and their driver Barajas. A copy of Wang's Original Petition is attached to this complaint as **Exhibit 2**. Wang alleges that she is a surviving spouse of Troy Hack and was duly appointed to serve as the personal representative of his estate. *Id*. at 4. Additionally, according to Wang, minor Z.W. is a biological child of Troy Hack.

13. As a further result of the accident, Ernelyn Hack, individually, Mildred Hack, individually, and Tim Hack, on behalf of the estate of Troy Hack, filed a lawsuit in the 229th Judicial District Court of Starr County, Texas against Rio Valley ("Starr County Case"). A copy of the Original

Petition from the Starr County Case is attached to this complaint as **Exhibit 3.** In the Starr County Case, E. Hack alleges that she was married to Troy Hack at the time of the accident. Further, M. Hack is the biological mother of Troy Hack, and T. Hack is Troy Hack's brother, who also anticipates acting as a representative of the estate of Troy Hack. *Id*. at 1-2. Additionally, E. Hack and T. Hack applied for letters of administration in the Hidalgo County Probate Court to be appointed as co-administrators of Troy Hack's estate. A copy of the Hidalgo County Probate Court application is attached to this complaint as **Exhibit 4.**

14. Finally, Jennifer Colbert and Joy Dimarucut, individually and as next friend of T.J.H, a minor, filed petitions in intervention in the Hidalgo County and Starr County cases. Copies of two petitions in intervention are attached to this complaint as **Exhibit 5.** Dimarucut alleges to be another surviving spouse of Troy Hack, and Colbert alleges to be a biological daughter of the deceased. *Id*. at 2.

15. Wang, M. Hack, E. Hack, T. Hack, Colbert and Dimarucut all have rival claims to the insurance proceeds of $1,000,000.00 available under the Policy issued by United Wisconsin to Rio Valley. All the potential claimants listed above seek or have sought funds from the Policy. Accordingly, United Wisconsin filed this complaint in interpleader to interplead the funds available under the Policy to the Registry of the Court.

**IV.**
**ARGUMENT AND AUTHORITIES**

16. "The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund." *Rhoades v. Casey*, 196 F.3d 592, 600 n. 8 (5th Cir. 1999) (quoting *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992)). Indeed, a party is entitled to

relief by interpleader if the party is subject to rival claims to the same funds. *See State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 803 (Tex. 2007); *Olmos v. Pecan Grove Mun. Util Dist.*, 857 S.W.2d 734, 741 (Tex. App.– Houston [14th Dist.] 1993, no writ).

17. Without acknowledging liability on the part of any party, United Wisconsin acknowledges that the sum of $1,000,000.00, in whole or in part, is due under the Policy ("Policy Proceeds").

18. United Wisconsin made reasonable, good-faith efforts, without success, to determine the rights of the competing claimants to the Policy Proceeds. Despite these efforts, United Wisconsin cannot determine who is the true surviving spouse of Troy Hack: Wang, E. Hack or Dimarucut, which claimant is the actual representative of the estate of Troy Hack, and how the Policy Proceeds should be distributed among the claimants. United Wisconsin cannot pay Policy Proceeds without taking upon itself the responsibility of determining doubtful questions of law and fact and without danger of being held to have done so improperly and at the risk of incurring multiple or inconsistent liabilities.

19. Concerning the Policy Proceeds, United Wisconsin, therefore, is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs. United Wisconsin neither has nor claims any interest in the Policy Proceeds, which United Wisconsin has always been willing to deliver to the person or persons entitled to possession.

20. United Wisconsin has in no way colluded with any claimant concerning the matters of this cause. United Wisconsin is not in any manner indemnified by any of said claimants. United Wisconsin has filed this complaint in interpleader of its own free will to avoid double or multiple liability and unnecessary suits and costs incidental to them.

21. Therefore, United Wisconsin makes an unconditional tender of the disputed Policy

Proceeds into the Registry of the Court. Specifically, United Wisconsin stands ready to file with the Court a motion to deposit the entire Policy Proceeds in the amount of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) into the Registry of the Court. These Policy Proceeds will be deposited for the benefit of the claimants herein.

22. Upon tendering the Policy Proceeds into the Court's Registry, United Wisconsin will request a discharge from liability as to the amounts deposited into the Court's Registry, a dismissal from this action for interpleader with prejudice, and injunction against all competing claimants from commencing or prosecuting any other action regarding the Policy Proceeds, thereby allowing all remaining parties making claim to the Policy Proceeds to proceed with this action according to the order of the Court.

23. Unless the Court permits the filing of this complaint in interpleader, United Wisconsin anticipates that it may be exposed to multiple liability by the rival claimants.

24. "A district court has the authority to award reasonable attorney's fees in interpleader actions." *Rhoades*, 196 F.3d at 603; *see also, State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 803 (Tex. 2007). "The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades*, 196 F.3d at 603; *see also, U.S. v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 580 (Tex. 1964).

25. Here, United Wisconsin was required to retain outside counsel after it attempted, without success, to determine to whom it should pay the Policy Proceeds. United Wisconsin is a disinterested stakeholder with no interest in the Policy Proceeds. Nonetheless, United Wisconsin has been caused to incur attorney's fees, costs, and other expenses in this interpleader action to resolve competing claims of the claimants to the Policy Proceeds. Accordingly, United Wisconsin

is entitled to recover its reasonable attorney's fees, costs, and other expenses incurred in filing this action for interpleader.

## V.
## PRAYER

**WHEREFORE,** Plaintiff United Wisconsin respectfully requests that the Court, after a hearing on this complaint in interpleader, enter an Order as follows:

(a) Permitting United Wisconsin to pay into the Registry of the Court, or as otherwise instructed by the Court, the Policy Proceeds of $1,000,000.00 due under commercial auto policy No. UWPGA1957-05;

(b) Enjoining the defendants from instituting any action against United Wisconsin for the recovery of the Policy Proceeds and requiring the defendants to answer this action and establish their respective claims to the Policy Proceeds or be forever barred from asserting the same;

(c) Discharging and releasing United Wisconsin, a disinterested stakeholder of the interplead funds, from all liability to the parties herein on account of the matters relating to the Policy Proceeds and from all of its obligations pursuant to the liability coverage provided by the Policy;

(d) Dismissing United Wisconsin from this action with prejudice, with its attorney's fees, costs, and disbursements to be paid according to Texas law from the Policy Proceeds or as the Court otherwise directs; and

(e) For such other and further relief as the Court may deem just and proper.

Dated: October 4, 2023         Respectfully submitted,

**THE WOODALL LAW FIRM, PLLC**

By:   */s/* J. Daniel Woodall
      J. Daniel Woodall
      Texas Bar No. 24008300
      Federal I.D. 37089 (SD-Texas)
      dan@woodalllawfirm.com
      Alina Long
      Texas Bar No. 24118443

        Federal I.D. 3745182 (SD-Texas)
        alina@woodalllawfirm.com
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone:    281/892-1040
Facsimile:    281/305-3892

    and

**Colvin, Saenz, Rodriguez & Kennamer, L.L.P**.

By:    */s/* Jose Oscar Lopez
        Jose Oscar Lopez
        Texas Bar No. 24010983
        Federal I.D. 1024234 (SD-Texas)
        oh.lopez@rcclaw.com
1201 East Van Buren Street
Brownsville, Texas 78520-7057
Telephone: 956/542-7441
Facsimile:  956/541-2170

*Attorneys for Plaintiff United Wisconsin Insurance Company*