UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE COMPANY, § § § | | |
| Plaintiff, § § | | |
| v. § § | | Civil Action No. 7:23-CV-00340 |
| YUAN WANG, INDIVIDUALLY AND A/N/F OF Z.W., A MINOR, MILDRED HACK, ERNALYN HACK, TIM HACK, JENNIFER COLBERT, and JOY DIMARUCUT, INDIVIDUALLY AND A/N/F OF T.J.H., A MINOR, § § § § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

A man's three wives, three children, mother, and estate each claim entitlement to some or all of the liability-insurance payout from his accidental death.[1] The insurer, United Wisconsin Insurance Company ("United Wisconsin"), doesn't care who gets the money, so it filed this interpleader action seeking to deposit the $1 million policy limit into the Court's registry, leaving the Court to allocate the proceeds. Everyone agrees that United Wisconsin should be able to deposit the funds and be dismissed.

But there is a dispute between United Wisconsin and some claimants—the Hacks[2]—about the terms of the dismissal order. The Hacks want the dismissal order to

---

[1] At this stage, all relationships to the decedent are merely alleged and taken as true.

[2] The "Hacks" includes Mildred, Ernalyn, Tim, and Terry Hack. (Dkt. No. 52 at 1). In May 2024, Terry Hack—whose relationship to Troy is not evident from the record—was

(continue)

preserve their right to sue United Wisconsin for negligently refusing to settle their claims against the insured—a cause of action called a "*Stowers* claim." United Wisconsin seeks discharge for any claims related to the insurance proceeds, which it believes includes *Stowers* claims.

Before the Court are Plaintiff's Motion for Leave to Deposit Funds into the Court Registry and Motion for Dismissal with Prejudice, (Dkt. No. 35), and Motion to Dismiss or Withdraw a Filing, (Dkt. No. 46). For the reasons below, the Court **GRANTS** United Wisconsin's Motion for Leave to Deposit Funds into the Court Registry, (Dkt. No. 35), and **GRANTS in part** and **DENIES in part** United Wisconsin's Motion to Dismiss or Withdraw a Filing, (Dkt. No. 46). United Wisconsin may deposit funds into the Court's registry and will then be dismissed on terms consistent with this opinion.

I.   **BACKGROUND**

On July 10, 2023, a truck driver for Rio Valley Trucking, LLC struck and killed Troy Hack in Edinburg, Texas. (Dkt. No. 1 at 4). At the time, Rio Valley Trucking had a $1 million liability policy with United Wisconsin. (*Id.*).

The accident generated eight claims against Rio Valley brought in the following alleged capacities:

1)   Yuan Wang as Troy's spouse. (Dkt. No. 1-2 at 9).

2)   Z.W. as Troy's biological child. (*Id.*).

3)   Ernalyn Hack as Troy's spouse. (Dkt. No. 1-3 at 1).

---

appointed executor of Troy's estate. (Dkt. No. 37-4). Terry has since intervened on behalf of Troy's estate. (Dkt. No. 40).

4)        Mildred Hack as Troy's biological mother. (*Id.*).

5)        Tim Hack, Troy's biological brother, as the expected representative of Troy's estate. (*Id.* at 1–2).

6)        Jennifer Colbert as Troy's biological daughter. (Dkt. No. 1-5 at 2).

7)        Joy Dimarucut as Troy's spouse. (*Id.*)

8)        T.J.H. as Troy's biological child. (*Id.*).

United Wisconsin filed this interpleader action because it was faced with these competing claims and unable to determine the true relationships of the claimants. (Dkt. No. 1 at 5–6). Over a month later, the Hack family made a "*Stowers* demand" on United Wisconsin for $750,000 of the policy proceeds, (Dkt. No. 41-1 at 1), which United Wisconsin rejected, (Dkt. 41 at 3). A *Stowers* demand is a within-limits settlement demand that the offeror believes an ordinarily prudent insurer would accept, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *See Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 395–96 (Tex. 2016). Under Texas law, unreasonably refusing a *Stowers* demand can create a "*Stowers* claim," which allows the insured to sue its insurer for the excess liability. *See id.*

United Wisconsin now seeks to deposit the $1 million policy proceeds into the Court's registry and be dismissed from this action. (Dkt. No. 35). No one opposes the deposit of funds, (*id.* at 8), nor do any Defendants believe that United Wisconsin should remain in this action, (*see id.*); (Dkt. No. 36 at 1–3).

But United Wisconsin and the Hacks disagree about the terms of the dismissal. The Hacks argue that dismissal with prejudice should not extend to any potential *Stowers* claims that they may acquire by an excess judgment against Rio Valley Trucking. (Dkt.

3

No. 48 at 1–4). The Hacks also want to preserve any other claims they have against United Wisconsin that exceed the policy limits. (Dkt. No. 52-2 at 2). United Wisconsin seeks discharge for all claims related to the policy proceeds, which it believes should include *Stowers* claims. (Dkt. No. 46 at 2). The Parties have submitted competing proposed orders reflecting their positions, (Dkt. Nos. 42, 43, 44, 46-4, 46-5, 52-2), and exchanged responses and replies, (Dkt. Nos. 48–53).

## II.  LEGAL STANDARDS

### A.  INTERPLEADER GENERALLY

"Interpleader is a device [that] allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits" with respect to the property or fund. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363–64 (5th Cir. 1983). An interpleader action may be brought by a stakeholder when two or more persons have claims to the property or fund that may expose the stakeholder "to double or multiple liability." *Id.* at 364.

An interpleader action may be characterized as either a "statutory" interpleader under 28 U.S.C. § 1335 or as a "rule" interpleader under Rule 22 of the Federal Rules of Civil Procedure. *Auto Parts Mfg. Miss., Inc. v. King Const. of Hous., LLC*, 782 F.3d 186, 192 (5th Cir. 2015). The two types of interpleader "differ in jurisdictional requirements but not in substance." *Id.* (citation omitted).

"An interpleader action typically involves two stages." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). "In the first stage, the district court decides whether the

4

requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Id.* If the requirements for an interpleader action are met, the district court proceeds to the second stage to resolve the rights of the parties claiming entitlement to the fund or property at issue. *Id.*

### B. DISCHARGE OF LIABILITY IN INTERPLEADER ACTIONS

The general purpose of interpleader is to "shield" a stakeholder from liability arising from inconsistent claims to a single fund by "allowing the stakeholder to tender that fund to the court in lieu of defending against multiple possible lawsuits." *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). When the district court determines that interpleader is appropriate, it may enter an order discharging a disinterested stakeholder from liability for both (1) claims to the disputed fund and (2) the stakeholder's unwillingness to adjudicate the competing claims. *Auto Parts Mfg. Miss.*, 782 F.3d at 195 (first citing 28 U.S.C. § 2361; and then citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1714 (3d ed. 2001)).

But while interpleader shields a stakeholder from claims directly related to the interpleaded funds (a.k.a., "the stake") and any determination about a claimant's entitlement to the funds, it does not protect a stakeholder from liability for claims independent of the claimants' rights to the disputed funds.

> The stake marks the outer limits of the stakeholder's potential liability where the respective claimants' entitlement to the stake is the sole contested issue; however, where the stakeholder may be independently liable to one or more

5

> claimants, interpleader does not shield the stakeholder from tort liability, nor from liability in excess of the stake.

*JSI Commc'ns v. Travelers Cas. & Sur. Co. of Am.*, 807 F.3d 725, 728 (5th Cir. 2015) (quoting parenthetically *Lee v. W. Coast Life Ins.*, 688 F.3d 1004, 1011 (9th Cir. 2012)).

Yet some claims, though styled as a claim against the interpleader for its own wrongdoing, essentially reprise a claim of entitlement to the interpleaded funds. For example, a claimant might assert that a stakeholder breached its duty of good faith and fair dealing by not awarding the claimant the interpleaded funds. *See, e.g.*, *Berry v. Banner Life Ins.*, 718 F.App'x 259, 262 (5th Cir. 2018) (per curiam) (finding a claim for the duty of good faith and fair dealing to be futile in an interpleader case). This claim, while theoretically based on the interpleader's personal tort liability, "is not 'truly independent of who was entitled to the life insurance proceeds.'" *Id.* (quoting *Prudential Ins. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009)). To allow "liability under these circumstances would run counter to the very idea behind the interpleader remedy—namely, that a 'stakeholder should not be obliged at his peril to determine which claimant has the better claim.'" *Hovis*, 553 F.3d at 264 (cleaned up) (quoting *Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir. 1957)). For that reason, "[c]laims against a stakeholder that are not independent of the interpleaded fund, such as a claim that the stakeholder should have paid the fund to a particular claimant rather than seek interpleader, are routinely dismissed because they would deprive the stakeholder of the intended benefit of an interpleader action." *Westlake Styrene, LLC v. United States*, No. 4:10-CV-02631, 2011 WL 643265, at *2 (S.D. Tex. Feb. 16, 2011) (citing *Met. Life Ins. v. Barretto*, 178 F.Supp.2d 745, 747–48 (S.D. Tex. 2001)).

Still, as in personam—rather than in rem—actions, interpleader actions only resolve which party *among the claimants* has the better legal right to the disputed property. *Metro. Prop. & Cas. Ins. v. Shan Trac, Inc.*, 324 F.3d 20, 25 (1st Cir. 2003) (citing *N.Y. Life Ins. v. Dunlevy,* 241 U.S. 518, 521, 36 S.Ct. 613, 614, 60 L.Ed. 1140 (1916)). They do not decide who owns the property more broadly nor resolve whether nonparties may have rights to the property. *Id.* And even in resolving the rights of the parties to the interpleader action, "the normal rule is that interpleader protection does not extend to [claims] that are not claims to the interpleaded funds." *Hovis*, 553 F.3d at 264; *cf. State Farm Fire & Cas. v. Tashire*, 386 U.S. 523, 535, 87 S.Ct. 1199, 1206, 18 L.Ed.2d 270 (1967) (cautioning that "interpleader was never intended . . . to be an all-purpose 'bill of peace'"). Accordingly, the Supreme Court frowns upon using interpleader actions "to control the underlying litigation against alleged tortfeasors as opposed to the allocation of a fund among successful tort plaintiffs." *Tashire*, 386 U.S. at 536, 87 S.Ct. at 1206.

## C. *STOWERS* CLAIMS

As the Parties' central dispute relates to *Stowers* claims, the Court briefly outlines the general principles governing these claims. "A *Stowers* cause of action arises when an insurer negligently fails to settle a claim covered by an applicable policy within policy limits." *Seger*, 503 S.W.3d at 395 (citing *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved)). *Stowers* recognizes that an insurer—betting on avoiding liability altogether—might prevent an insured from accepting reasonable settlement offers within policy limits, leaving the insured vulnerable to a judgment exceeding those limits. By assigning the risk of an excess

7

judgment to the party making the settlement decision, *Stowers* ensures that the entity refusing a reasonable settlement—and thereby creating the risk of a higher judgment—is responsible for paying that higher judgment.

> To prove a *Stowers* claim, the insured must establish that (1) the claim is within the scope of coverage; (2) a demand was made that was within policy limits; and (3) the demand was such that an ordinary, prudent insurer would have accepted it, considering the likelihood and degree of the insured's potential exposure to an excess judgment.

*Id.* at 395–96 (citing *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994)). A *Stowers* claim also requires a judgment in excess of policy limits. *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 267 (Tex. 2021).

The *Stowers* doctrine establishes that insurers owe a duty to the *insured* to act reasonably when evaluating settlement offers within policy limits. It does not, however, extend rights to *third parties*—such as judgment creditors. The duty created under *Stowers* is a common-law tort duty, *Mid-Continent Ins. v. Liberty Mut. Ins.*, 236 S.W.3d 765, 776 (Tex. 2007), arising from the insurer's "control of the settlement negotiations," *Rocor Int'l, Inc. v. Nat'l Union Fire Ins.*, 77 S.W.3d 253, 264 (Tex. 2002). In these negotiations, the insurer "acts as the insured's agent and is bound to exercise ordinary care to protect the insured's interests." *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 267 (citing *G.A. Stowers Furniture Co.*, 15 S.W.2d at 547). Therefore, the "duty to settle lawsuits under *Stowers* is an essentially personal duty" to the insured. *Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, writ denied). The "cause of action for negligent mishandling of an insurance claim"—a *Stowers* claim—"belongs solely to the insured."

*Wheelways Ins. v. Hodges*, 872 S.W.2d 776, 782 (Tex. App.—Texarkana 1994, no writ).  The judgment "creditor has no cause of action [against the insurer] for the excess above the policy limits."  *Coronado v. Emps. Nat. Ins.*, 577 S.W.2d 525, 532 (Tex. Civ. App.—El Paso 1979), *aff'd*, 596 S.W.2d 502 (Tex. 1979).

That said, while "the insured generally owns a *Stowers* claim," there are some instances in which a third-party beneficiary may pursue a *Stowers* claim.  *Allstate Fire & Cas. Ins. v. Love*, 71 F.4th 348, 354 (5th Cir. 2023).  For example, "a third-party beneficiary may pursue such a claim by *turnover*."  *Id.* (emphasis added).  A turnover order is an "order by which the court commands a judgment debtor to surrender certain property to a judgment creditor."  *Order*, Black's Law Dictionary (12th ed. 2024).  Even so, a judgment creditor's right to pursue an assigned *Stowers* claim remains rooted in duties owed to the insured.  *See Love*, 71 F.4th at 354 n.3 (collecting cases explaining that a judgment creditor cannot pursue an assigned claim if the insured was satisfied with the insurer's representation).

## III. PRELIMINARY MATTERS

Two preliminary matters: First, United Wisconsin's Motion for Leave to Deposit Funds into the Court Registry, (Dkt. No. 35 at 4–5), is unopposed and **GRANTED**.  United Wisconsin may deposit $1,000,000.00 into the Court's registry.  Second, United Wisconsin has filed a "Motion to Dismiss or Withdraw a Filing."  (Dkt. No. 46).  United Wisconsin asks to withdraw its first proposed order of dismissal, (Dkt. No. 43), which no longer reflects its position.  The motion to withdraw is a proxy for the dispute over the proper terms of dismissal, and the Court is in any event not bound by the language in the

9

Parties' proposed orders. United Wisconsin's motion to withdraw, (Dkt. No. 46), its first proposed order of dismissal, (Dkt. No. 43), is **GRANTED**.

## IV.   DISCUSSION

This case turns on a basic limit of interpleader relief: while a court can resolve competing claims to the stake, it cannot reach claims based on the stakeholder's personal tort duties to nonparties for liability in excess of the stake. *See JSI Commc'ns*, 807 F.3d at 728; *Shan Trac*, 324 F.3d at 25; *Tashire*, 386 U.S. at 536, 87 S.Ct. at 1206. That limitation resolves this dispute.

The main issue is whether the Court's dismissal order should bar the Hacks from pursuing *Stowers* claims against United Wisconsin. The Hacks contend that they established the basis for a *Stowers* claim by extending a $750,000 settlement offer to United Wisconsin, which is within the $1,000,000 policy limits. (Dkt. No. 41-1 at 1). United Wisconsin rejected this offer. (Dkt. 41 at 3). A *Stowers* claim could therefore arise if the Hacks obtain a judgment against Rio Valley Trucking exceeding $1,000,000 in damages. *See Seger*, 503 S.W.3d at 395–96. In that case, Rio Valley Trucking could assert a *Stowers* claim against United Wisconsin, alleging that its unreasonable rejection of the Hacks' settlement offer caused damages exceeding the policy limits for which Rio Valley Trucking is now liable to the Hacks. *See id.* Ordinarily, only Rio Valley Trucking could pursue this claim. *See Love*, 71 F.4th at 354. But if the Hacks secure a judgment exceeding $1,000,000 and Rio Valley Trucking can't satisfy it, the Hacks could seek a turnover of Rio Valley Trucking's assets, including its right to pursue a *Stowers* claim against United Wisconsin. *Id.*

United Wisconsin argues that the Court's dismissal order should prohibit the Hacks from pursuing *Stowers* claims. (Dkt. No. 47 at 1–5). Its theory is that *Stowers* claims are not truly independent of the interpleaded funds because they arise from United Wisconsin's rejection of settlement demands—which are simply claims of entitlement to the policy proceeds. (*Id.* at 5, 9–10).

The Hacks respond that interpleader cannot shield United Wisconsin from *Stowers* liability, citing Fifth Circuit precedent limiting interpleader protection to competing claims for the stake itself, not to tort liability or liability in excess of the stake. (Dkt. No. 48 at 1–2) (citing *JSI Commc'ns*, 807 F.3d at 728). The Hacks note that any potential *Stowers* claim belongs to Rio Valley Trucking, the insured. (*Id.* at 2–3). The Hacks could obtain a *Stowers* claim only by winning an excess judgment against Rio Valley Trucking and receiving the *Stowers* claim in a turnover order. (*Id.*). In other words, the Hacks would pursue a *Stowers* claim only as judgment-creditor assignees of Rio Valley Trucking's rights. This, they argue, distinguishes the many first-party-claim cases that United Wisconsin cites. (*Id.* at 2).

The Court agrees with the Hacks. Claims arising from United Wisconsin's potential tort liability to Rio Valley Trucking, a nonparty, are not the proper subject of interpleader relief. *Cf. JSI Commc'ns*, 807 F.3d at 728; *Shan Trac*, 324 F.3d at 25; *Tashire*, 386 U.S. at 536, 87 S.Ct. at 1206.

First, "[i]nterpleader is a procedural device used to resolve conflicting claims to money or property." 4 James Wm. Moore et al., Moore's Federal Practice § 22.02 (3d ed. 2024). It is "not a 'bill of peace' or legal vacuum cleaner intended to suck up all related

11

claims into a single proceeding." *Id.* (quoting *Tashire*, 386 U.S. at 535, 87 S.Ct. at 1206). A *Stowers* claim is not a claim of entitlement to the insurance proceeds that form the stake in this interpleader action. Rather, it is a claim that the insurer negligently exposed the insured to an excess judgment. *See Seger*, 503 S.W.3d at 395. Rio Valley Trucking, as the insured, has no claim to the payout from a liability-insurance policy—which is why Rio Valley Trucking is not a party to this action. *Stowers* claims thus fall outside the scope of interpleader.

Second, a *Stowers* action is, by definition, a claim for "liability in excess of the stake." *JSI Commc'ns*, 807 F.3d at 728 (quoting parenthetically *Lee*, 688 F.3d at 1011). The stake here is the $1 million policy limit. (Dkt. No. 1 at 8). The Texas Supreme Court has "consistently recognized the requirement that an insured be liable *in excess* of policy limits—whether as a result of judgment or settlement—in order to bring a *Stowers* claim." *In re Farmers Tex. Cnty.*, 621 S.W.3d at 267 (emphasis added). And "a judgment dismissing a stakeholder in an interpleader action does not shield the stakeholder from liability extending beyond the stake in the interpleader action." *Jackson Nat'l Life Ins. v. Dobbins*, No. 3:16-CV-00854, 2016 WL 4268770, at *2 (N.D. Tex. Aug. 15, 2016) (citing *JSI Commc'ns*, 807 F.3d at 728–29). Because a *Stowers* claim requires a judgment in excess of the policy limits, *Stowers* liability necessarily extends beyond the stake.

Third, a *Stowers* claim, if one ever accrues, belongs to Rio Valley Trucking. *Hodges*, 872 S.W.2d at 782. If the Hacks eventually pursue a *Stowers* claim against United Wisconsin, it will be as assignees (by settlement or judgment) of Rio Valley Trucking's rights. *See Love*, 71 F.4th at 354. The Parties have not cited—and the Court is unaware

of—any case preventing defendants in an interpleader action from pursuing a nonparty's rights by assignment. This suggests that the relief United Wisconsin seeks is beyond the conceptual and jurisdictional limits of interpleader. *See Shan Trac*, 324 F.3d at 25; *Lee*, 688 F.3d at 1011.

For these reasons, the Court cannot discharge United Wisconsin from *Stowers* liability, whether the claim is pursued by Rio Valley Trucking or the Hacks. The interpleader orders that United Wisconsin attaches to its brief are not to the contrary; in each case, the claims discharged were based on duties the stakeholder allegedly owed *to the interpleader claimants*.[3] To the extent that the Hacks assert or could assert claims based on United Wisconsin's duties *to them*, those claims may be dismissed with prejudice if they are "not 'truly independent of who was entitled to the [liability] insurance proceeds.'" *Berry*, 718 F.App'x at 262 (quoting *Hovis*, 553 F.3d at 264). But the Court has no authority to reach claims based on United Wisconsin's personal tort duties to a nonparty for liability in excess of the stake.

## V.     CONCLUSION

For the reasons above, United Wisconsin's Motion for Leave to Deposit Funds into the Court Registry, (Dkt. No. 35 at 4–5), is **GRANTED**. United Wisconsin's Motion to Dismiss or Withdraw a Filing, (Dkt. No. 46), is **GRANTED in part** with respect to withdrawing the filing and **DENIED in part** with respect to dismissal on the terms

---

[3] (*See generally* Dkt. No. 46-1) (Ord. & Op., *Coface N. Am. Ins. v. Woodlands Export, LLC*, No. 4:15-CV-00621 (S.D. Tex. Dec. 6, 2016), ECF No. 45); (Dkt. No. 46-2) (Ord., *State Farm Ins. Co. v. Smith*, No. 4:17-CV-02950 (S.D. Tex. Aug. 14, 2018), ECF No. 13); (Dkt. No. 46-3) (*State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-01628, 2019 WL 7938266 (N.D. Tex. May 16, 2019)).

proposed by United Wisconsin. The Parties shall confer and file a proposed dismissal order consistent with this opinion no later than April 4, 2025.

    It is SO ORDERED.

    Signed on March 22, 2025.

                                                  _____
                                                    **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**