United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISON**

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE COMPANY Plaintiff, | § § § § | |
| *versus* | § § | CIVIL ACTION NO. 7:23-cv-340 |
| YUAN WANG, ET AL. Defendants. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, United Wisconsin Insurance Company, initiated this action by filing Original Complaint in Interpleader by Plaintiff United Wisconsin Insurance Company ("Original Complaint"), on October 4, 2023, naming the contestants, Yuan Wang, individually and as next friend of Z.W., a minor, Mildred Hack, Ernelyn Hack, Tim Hack, Jennifer Colbert, and Joy Dimarucut, individually and as next friend of T.J.H., a minor, as defendants. (*See* Dkt. No. 1). Therein, pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, Plaintiff sought to deposit proceeds under a commercial auto insurance policy into the Court's registry, requesting the Court review the rival claims and determine the proper recipient of the funds. (*Id.* at 1). The Hack Family (Mildred Hack, Ernelyn Hack, and Terry Hack on Behalf of Troy Hack's Estate) filed The Hack Family's Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment") on January 14, 2026, seeking dismissal of the Wangs. (*See* Dkt. No. 66). This matter was subsequently referred to the undersigned magistrate judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b) and LR 72.

After careful review of the record and relevant law, the undersigned is of the opinion that the Motion for Partial Summary Judgment should be **GRANTED**.

1

## I.    BACKGROUND

This dispute stems from the unfortunate incident from July 10, 2023, that led to Troy Hack's untimely death.  As a result of competing claims to the underlying insurance policy, on October 4, 2023, Wisconsin United Insurance Company filed an action in interpleader to determine the appropriate distribution of proceeds payable under the policy to the survivors of Troy Hack. (*See generally*, Dkt. No. 1).

On April 14, 2025, the Honorable Judge Tipton issued an Order allowing United Wisconsin Insurance Company to deposit the policy proceeds into the Registry of the Court and dismissing United Wisconsin Insurance Company from this matter.[1]  (*See* Dkt. No. 61).

On October 27, 2025, the Hack Family filed Status Report and Motion for Partial Distribution.  (*See* Dkt. No. 62).  Therein, the Hack Family provided a comprehensive case history and requested that the Court make a partial distribution to Mildred Hack pursuant to Federal Rule of Civil Procedure 67(b) and 28 U.S.C. § 2042.  (*Id.* at 5).  Particularly relevant of the case history are as follows:

(1)    On July 10, 2023, Troy Hack is hit by a motor vehicle while walking across the street to the Hidalgo County Courthouse in Edinburg, Texas, and dies. (Dkt. No. 62 at 1 (Ex. 2)).

(2)    On July 12, 2023, the Hack Family files its original petition against the Rio Valley Trucking, LLC in the 229th District Court of Starr County, Texas, Cause No. DC-23-336 ("Starr County Lawsuit"). (Dkt. No. 62 at 1 (Ex. 4)).

(3)    On July 28, 2023, the Hack Family files letters of administration regarding Troy's Estate in the Hidalgo County, Probate Court, Cause No. P-42312 ("Probate Lawsuit"). (Dkt. No. 62 at 2 (Ex. 5)).

(4)    On July 31, 2023, the Wangs file their original petition against Rio Valley Trucking, LLC and Francisco Javier Barajas in the 275th District Court of Hidalgo County, Texas, Cause No. C-3030-23-E for Troy's Death ("Hidalgo County Lawsuit"). (Dkt. No. 62 at 2 (Ex. 7)).

(5)    On October 4, 2023, United Wisconsin Insurance Company files this action in interpleader. (Dkt. No. 62 at 2; *see* Dkt. No. 1 (Ex. 9)).

---

[1] However, the Court refused to dismiss any claims involving "by way of assignment or a turnover order, for bad faith, negligence, Stowers and its progeny, and similar contractual, extra-contractual, and tort causes of action[.]" (Dkt. No. 61 at 2).

(6)     On March 18, 2025, the Wangs intervene in the Starr County Lawsuit. (Dkt. No. 62 at 3 (Ex. 15)).

(7)     On August 22, 2025, Counsel for the Wangs file a motion to withdraw in both the Starr County and Hidalgo County lawsuits. (Dkt. No. 62 at 3 (Ex. 20 & Ex. 21)).

(8)     On August 25, 2025, the Hack Family files a Motion for Summary Judgment in the Probate Lawsuit, seeking to dismiss the Wangs. (Dkt. No. 62 at 3 (Ex. 23)).

(9)     On August 26, 2025, Counsel for the Wangs file a motion to withdraw in the Probate Lawsuit. (Dkt. No. 62 at 3 (Ex. 24)).

(10)    On September 18, 2025, the Starr County Court signs an order allowing Counsel for the Wangs to withdraw and admonishing the Wangs to obtain substitute counsel. (Dkt. No. 62 at 4 (Ex. 25)).

(11)    On September 23, 2025, the Probate Court signs an order allowing Counsel for the Wangs to withdraw and admonishing the Wangs to obtain substitute counsel. (Dkt. No. 62 at 4 (Ex. 26)).

(12)    On October 10, 2025, the Hidalgo County Court signs an order allowing Counsel for the Wangs to withdraw from the Probate Lawsuit and admonishing the Wangs to obtain substitute counsel. (Dkt. No. 62 at 4 (Ex. 28)).

(13)    On October 21, 2025, the Hack Family files a motion for partial summary judgment in the Starr County Lawsuit seeking dismissal of the Wangs' claims with prejudice. (Dkt. No. 62 at 4 (Ex. 29)).

(14)    On November 12, 2025, the Starr County Court issued an order dismissing the Wangs from the lawsuit with prejudice for lack of admissible evidence establishing spouse, child, or parent status. (Dkt. No. 66 at 2 (Ex. A)).

(15)    On January 14, 2026, the Hack Family files the present Motion for Partial Summary Judgment, seeking to dismiss the Wangs from the interpleader action. (*See* Dkt. No. 66).

(16)    On February 4, 2026, without answering the Motion for Partial Summary Judgment, Counsel for the Wangs files a Motion to Withdraw as Counsel for the Wangs. (Dkt. No. 68).

(17)    On February 26, 2026, this Court grants the Motion to Withdraw, allowing Counsel for the Wangs to withdraw from representation. (Dkt. No. 72).

As noted, and before the Court for consideration, the Hack Family filed their Motion for Partial Summary Judgment on January 14, 2026. (*See* Dkt. No. 66). The Hack Family claims the Wangs must "establish their alleged spouse, child, or parent relationship to Troy Hack." (*Id.* at 2). However, after adequate time for discovery, the Hack Family argues, "the Wangs cannot produce admissible evidence that Yuan Wang is Troy Hack's surviving spouse, that Z.W. is Troy Hack's child, or that either was Troy Hack's spouse or qualifies as a statutory beneficiary of Troy's estate."

3

(*Id.*). The Hack Family suggests that, pursuant to Rule 56(c)(1)(B), summary judgment should be granted where a party cannot produce admissible evidence to support an essential element of its claim. (*Id.*). Accordingly, the Hack Family concludes that because the Wangs are unable to meet their burden, their claims to the interpleaded funds must fail, and summary judgment is warranted. (*Id.*).

## II.    APPLICABLE LAW/ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* The party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

"A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party." *Macon v. BP Expl. & Prod. Inc.*, 605 F.Supp.3d 871, 880 (E.D. La. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*

4

*Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014)). "Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment." *Id.* (citing *Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994)). The Court may not resolve credibility issues or weigh evidence. *Id.* (citing *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)). The Court will "assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment." *Id.* (citing *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001)). However, the Court will only draw reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* (quoting *Little*, 37 F.3d at 1075).

Importantly, "[w]hen the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden." *Id.* (citing *Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B)). Thus, unless there is a genuine issue that could support judgment in favor of the nonmovant, summary judgment must be granted. *Id.*

Here, the Wangs are unable to prove they are entitled to any portion of the interpleaded funds and summary judgment is warranted. On December 18, 2023, the Wangs filed Defendant Yuan Wang, Individually and as Next of Friend of Z.W., a Minor's Answer to Plaintiff's Original Complaint in Interpleader by Plaintiff United Wisconsin Insurance Company, claiming that Yuan Wang, as next friend of Z.W. ("Wangs Answer"), is an alleged personal representative of Troy

5

Hack, that Wang is a surviving spouse of Troy Hack, and that Z.W. is a biological child of Troy Hack. (Dkt. No. 18 at 2). On October 2, 2024, the Wangs filed Defendant Yuan Wang, as Next of Friend of Z.W., a Minor's Amended Answer to Plaintiff's Original Complaint ("Wangs Amended Answer"), now denying that Yuan Wang is a surviving spouse or personal representative of Troy Hack, but maintaining that Z.W. is the biological child of Troy Hack. (Dkt. No. 56 at 2).

However, nearly a year and a half has elapsed since the Wangs Amended Answer, and the Wangs have made almost no appearance in the case. In fact, the Wangs filed no response to the Motion for Partial Distribution (Dkt. No. 62) and no response to the Motion for Partial Summary Judgment (Dkt. No. 66), now pending for over two months. Instead, Counsel for the Wangs withdrew from the representation, citing irreconcilable differences, difficulty communicating, and disagreement regarding the scope of the representation, specifically noting that the client demands a United States Visa as result of the matter. (Dkt. No. 68 at 2-3). Similarly, it appears the Wangs have been dismissed from the Starr County wrongful death proceeding (*See* Dkt. No. 66-1 at 1), as well as the Hidalgo County Probate proceeding (*See* Dkt. No. 71 at 1; Ex. No. 1). Thus, the undersigned concludes that the Hack Family "point[s] to insufficient admissible evidence to establish an essential element of the [Wang's] claim in order to satisfy its summary-judgment burden[,]" and summary judgment in their favor is appropriate. *Macon*, 605 F.Supp.3d at 880; *see, e.g., Sturgill v. Am. Red Cross*, No. 22-cv-11837, 2025 WL 893801, at *1 (E.D. Mich. Mar. 24, 2025) ("[I]f a movant points out that the record does not contain any materials the nonmovant could use to prove an issue for which the nonmovant has the burden of proof at trial [], then the nonmovant can only avoid summary judgment by showing otherwise.").

As such, the Court finds that summary judgment is warranted.

6

### III.    CONCLUSION

#### *Recommended Disposition*

After careful review of the filings and relevant case law, and for reasons outlined above, it is recommended that the Motion for Partial Summary Judgment (Dkt. No. 66) be **GRANTED**. Accordingly, it is further recommended that the Wangs be **DISMISSED** from the suit.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

#### *Instructions to the Clerk of the Court*

The Clerk shall mail a copy of this order to Yuan Wang at the following address:

HAINA COMMUNITY
EAST FENGHE ROAD, LIANHU DISTRICT
XI'AN, SHAANXI, 710000
CHINA.

7

All other parties shall be notified by the Clerk by ECF/PACER.

**DONE** at McAllen, Texas, this 20th day of March 2026.

Juan F. Alanis
United States Magistrate Judge